Nolan, P. J., Schmidt and Ughetta, JJ., concur; Beldock, J., concurs in the reversal of the judgment, but dissents from the granting of a new hearing and votes to direct the entry of an interlocutory judgment in favor of appellant, with the following memorandum: I agree with the majority that the evidence, if credited, complied with section 1143 of the Civil Practice Act. The evidence adduced at the hearing before the Official Refere was not contradicted by direct evidence or legitimate inferences; it was not opposed to the probabilities, and there is no reason for denying it conclusiveness. Not only was there no contradiction in the testimony of the witnesses, as the Official Referee indicated, but any alleged contradiction in the testimony as to the promise before the marriage to have children is of no consequence because such a promise is implied. (*Mirizio* v. *Mirizio*, 242 N. Y. 74; *Caleca* v. *Caleca*, 278 App. Div. 771.) This court has reversed a judgment dismissing the complaint and directed entry of an interlocutory judgment of annulment on substantially similar testimony. (*Di Napoli* v. *Di Napoli*, 276 App. Div. 1089.) Wenzel, J., concurs with Beldock, J.

CLEANART, INC., Respondent, v. CARMINE'S TERRACE, INC., Appellant.—

No opinion. Wenzel, Acting P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.

WILLIAM E. COYLE, Respondent, v. UNION CASUALTY & LIFE INSURANCE COMPANY, Appellant, et al., Defendant.—

No opinion. Present — Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ. [See 1 A D 2d 669.]

LEON D. DE MATTEIS, Appellant, v. TOWN OF HEMPSTEAD et al., Respondents.